David J. Kaminski (SBN 128509)
kaminskid@cmtlaw.com
Martin Schannong (SBN 243297)
schannongm@cmtlaw.com
Calvin W. Davis (SBN 306264)
davisc@cmtlaw.com
CARLSON & MESSER LLP
5901 West Century Boulevard, Suite 1200
Los Angeles, CA 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant
SAFETY HOLDINGS, INC. dba SAMBASAFETY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RORY MOORE, <br><br>　　　　Plaintiff, <br><br>　　vs. <br><br>SAFETY HOLDINGS, INC. dba SAMBASAFETY, <br><br>　　　　Defendant. | CASE NO. 5:22-cv-00668-JGB-KK <br><br> **ANSWER** |

Defendant SAFETY HOLDINGS, INC. dba SAMBASAFETY ("Defendant") hereby answers the Complaint of Plaintiff RORY MOORE ("Plaintiff") as set forth below.

## **JURISDICTION AND VENUE**

1.　Defendant admits that the FCRA is a federal law.  Defendant denies violating the FCRA.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1 of the Complaint, which also constitute legal conclusions.

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint, which also constitute legal conclusions.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint, which also constitute legal conclusions.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 of the Complaint, which also constitute legal conclusions.

## PARTIES

5. Upon information and belief, Defendant admits that Plaintiff is a natural person, and that Montclair is located within the confines of San Bernardino County. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 5 of the Complaint, which also constitute legal conclusions.

6. Defendant admits that it is incorporated in Delaware and that its principal address is 8801 Horizon Blvd NE, Albuquerque, NM 87113. Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint.

## FACTUAL ALLEGATIONS

8. Defendant incorporates by reference its responses set forth in all Paragraphs above.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint. Defendant denies that Uber drivers are classified as employees.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint.  Defendant denies that Uber drivers are classified as employees.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Complaint.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Complaint.  The document at issue is not attached to Plaintiff's Complaint and has been updated and/or modified.  Defendant further responds that the document speaks for itself, and denies Plaintiff's allegations to the extent they are inconsistent with the document.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint.  The document

at issue is not attached to Plaintiff's Complaint and has been updated and/or modified. Defendant further responds that the document speaks for itself, and denies Plaintiff's allegations to the extent they are inconsistent with the document.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint. The document at issue is not attached to Plaintiff's Complaint and has been updated and/or modified. Defendant further responds that the document speaks for itself, and denies Plaintiff's allegations to the extent they are inconsistent with the document.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Complaint.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Complaint.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint. Defendant further responds that the document referenced in said Paragraph speaks for itself, and denies Plaintiff's allegations to the extent they are inconsistent with the document.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Complaint.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Complaint.

30. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint.

31. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint. Defendant denies that Uber drivers are classified as employees.

32. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint.

33. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint.

34. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Complaint. Defendant further responds that the document referenced in said Paragraph speaks for itself, and denies Plaintiff's allegations to the extent they are inconsistent with the document.

35. Defendant admits only that Plaintiff contacted Defendant on or about March 7, 2022. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 35 of the Complaint.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint.

37. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Complaint. Defendant denies that Uber drivers are classified as employees.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Complaint. Defendant further responds that the document referenced in said Paragraph speaks for itself, and denies the allegations to the extent they are inconsistent with the document.

39. Defendant admits only that Plaintiff contacted Defendant on or about March 10, 2022. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 39 of the Complaint.

40. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint. Defendant further responds that the document referenced in said Paragraph speaks for itself, and denies the allegations to the extent they are inconsistent with the document.

41. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 of the Complaint. Defendant further responds that the document referenced in said Paragraph speaks for itself, and denies the allegations to the extent they are inconsistent with the document.

42. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Complaint.

45. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Complaint.

46. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of the Complaint.

47. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Complaint.

50. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of the Complaint.

51. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 of the Complaint.

52. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Complaint.

53. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Complaint. Defendant further responds that the document referenced in said Paragraph speaks for itself, and denies the allegations to the extent they are inconsistent with the document.

54. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 of the Complaint. Defendant further responds that the document referenced in said Paragraph speaks for itself, and denies Plaintiff's allegations to the extent they are inconsistent with the document. Defendant further denies that Uber drivers are classified as employees.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 of the Complaint.

58. Defendant denies the allegations in Paragraph 58 of the Complaint.

59. Defendant denies the allegations in Paragraph 59 of the Complaint.

60. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 of the Complaint.

61. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 of the Complaint.

62. Defendant lacks sufficient knowledge or information as to whether Plaintiff is ineligible to accepts trips on the Uber platform. Defendant denies the remaining allegations in Paragraph 62 of the Complaint.

63. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 of the Complaint.

64. Defendant denies the allegations in Paragraph 64 of the Complaint.

65. Defendant denies the allegations in Paragraph 65 of the Complaint.

## **COUNT I**

66. Defendant incorporates by reference its responses set forth in all Paragraphs above.

67. Defendant denies that it is a consumer reporting agency. The remaining allegations in Paragraph 67 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required,

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

68. Defendant denies the allegations in Paragraph 68 of the Complaint.

69. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 of the Complaint.

70. Defendant denies the allegations in Paragraph 70 of the Complaint.

71. Defendant denies the allegations in Paragraph 71 of the Complaint.

72. Defendant denies the implication in Paragraph 72 of the Complaint that Defendant maintains "procedures that allow a driver's license status to be reported inaccurately in the face of contradictory evidence." Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in said Paragraph, which also constitute legal conclusions.

73. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 of the Complaint, which also constitute legal conclusions.

74. Defendant denies the allegations in Paragraph 74 of the Complaint.

75. Defendant denies the allegations in Paragraph 75 of the Complaint.

76. Defendant denies the allegations in Paragraph 76 of the Complaint.

77. Defendant denies the allegations in Paragraph 77 of the Complaint.

## COUNT II

78. Defendant incorporates by reference its responses set forth in all Paragraphs above.

79. Defendant denies that it is a consumer reporting agency. The remaining allegations in Paragraph 67 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

80. Defendant denies the allegations in Paragraph 80 of the Complaint.

81. Defendant denies the allegations in Paragraph 81 of the Complaint.

82. Defendant denies the allegations in Paragraph 82 of the Complaint.

83. Defendant denies the allegations in Paragraph 83 of the Complaint.

84. Defendant denies the allegations in Paragraph 84 of the Complaint.

85. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85 of the Complaint, which also constitute legal conclusions.

86. Defendant denies the allegations in Paragraph 86 of the Complaint.

87. Defendant denies the allegations in Paragraph 87 of the Complaint.

88. Defendant denies the allegations in Paragraph 88 of the Complaint.

89. Defendant denies the allegations in Paragraph 89 of the Complaint.

## COUNT III

90. Defendant incorporates by reference its responses set forth in all Paragraphs above.

91. Paragraph 91 of the Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, said paragraph contains legal conclusions to which no response is required.

92. Paragraph 92 of the Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, said paragraph contains legal conclusions to which no response is required.

93. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93 of the Complaint.

94. Defendant denies the allegations in Paragraph 94 of the Complaint.

95. Defendant denies the allegations in Paragraph 95 of the Complaint.

## PLAINTIFF'S JURY DEMAND

96. Defendant admits that Plaintiff demands a trial by jury.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief requested in the Prayer for Relief or elsewhere in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint, and all allegations contained therein, or portions thereof, are, or may be, barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages alleged in the Complaint were caused, or causally contributed to, by the comparative fault, negligence, negligence per se, assumption of the risk, and/or culpable conduct of Plaintiff and/or others, and the amount of damages, if any, that may be recovered by Plaintiff from Defendant must be diminished in the proportion that Plaintiff's own conduct, and/or the conduct of others, contributed to the cause of Plaintiff's alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

### FIFTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that it did not engage in any conduct that was intentional, knowing, willful, reckless, malicious, wanton or outrageous, and that Defendant at all times acted in good faith.

/ / /

...

## SIXTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that the FCRA does not apply herein, *inter alia*, because Defendant is not a consumer reporting agency and did not generate a consumer report as those terms are defined under the FCRA.

## SEVENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that it acted in compliance with the FCRA and reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that it maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are barred part or in full by the qualified immunity of 15 U.S.C. § 1681h(e).

## TENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred in part or in full by Uber's terms and conditions.

## ELEVENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that federal law preempts all or some of Plaintiff's claims.

## TWELFTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges Plaintiff's claims are barred part or in full to the extent that the claim or relief sought is moot.

## THIRTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims may be barred by the doctrines of unclean hands, laches, res judicata, waiver and/or estoppel, or similar equitable doctrines.

## FOURTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are barred to the extent he lacks standing and/or jurisdiction to assert them.

## FIFTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges, to the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays that the Complaint be dismissed with prejudice, for a judgment in favor of Defendant and against Plaintiff, for all attorneys' fees and costs incurred by Defendant herein, and for such further relief as the Court deems just and equitable.

DATED:  June 23, 2022                     CARLSON & MESSER LLP

By:     David J. Kaminski
            David J. Kaminski
            Martin Schannong
            Calvin W. Davis
            Attorneys for Defendant
            SAFETY HOLDINGS, INC. dba
            SAMBASAFETY

# **CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2022, a true and correct copy of the foregoing document entitled ANSWER was filed through the ECF system, which will send notification of such filing to the e-mail addresses associated with this case.

DATED: June 23, 2022                    CARLSON & MESSER LLP

                                        By:   David J. Kaminski
                                              David J. Kaminski
                                              Martin Schannong
                                              Calvin W. Davis
                                              Attorneys for Defendant
                                              SAFETY HOLDINGS, INC. dba
                                              SAMBASAFETY